[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 3785 RE: MOTION FOR SUMMARY JUDGMENT (#110)
The plaintiffs, Robert E. Colby, Jr. ("Colby") and Diane Sotero Fitzpatrick ("Fitzpatrick"), have brought this action seeking damages for personal injuries arising out of an automobile collision that occurred on June 1, 1996 in Branford, Connecticut. According to the complaint, on June 1, 1996 at approximately 8:50 p. m., Colby was operating his motor vehicle in a northerly direction on Ivy Street in Branford. Fitzpatrick was a passenger in the Colby vehicle. To the rear of Colby's vehicle, the defendant, Cherilyn A. Parillo, ("Parillo"), was operating a motor vehicle owned by the defendant, Pasquale A. Parillo. As Colby was driving through the intersection of Ivy Street and North Main Street, his vehicle was struck in the rear by the Parillo vehicle, allegedly causing injury and damages to Colby and Fitzpatrick.
The plaintiffs have moved for summary judgment asserting that there is no genuine issue of fact on the issue of liability. Both Colby and Cherilyn Parillo have submitted affidavits. For the reasons set forth below, the plaintiff's motion for summary judgment on the issue of liability only is granted.
STANDARD OF REVIEW
Pursuant to the Practice Book, summary judgment shall be rendered forthwith if the affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49.
Summary judgment is appropriate only if a fair and reasonable person could conclude only one way. Miller v. United TechnologiesCorp., 233 Conn. 732, 751 (1995). A summary disposition should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. Id.
In determining whether there exists a genuine issue of material fact, the trial court must view the evidence in the light most favorable to the nonmoving party. Hertz Corp. v. Federal Ins.Co., 245 Conn. 374, 381 (1998). "A genuine issue has been variously described as a triable, substantial or real issue . . . CT Page 3786 and has been defined as one which can be maintained by substantial evidence." United Oil Co. v. Urban DevelopmentCommission, 158 Conn. 364, 378 (1969).
A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case.United Oil Co. v. Urban Development Commission, supra,158 Conn. 379.
The movant has the burden of demonstrating the absence of any genuine issue of material fact. Hertz v. Federal Ins. Co., supra,245 Conn. 381. The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Id.
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertion of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554-55 (1998).
Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner. Fogarty v. Rashaw, 193 Conn. 442, 446 (1984). Such issues, however, may become one of law when the mind of a fair and reasonable person could reach only one conclusion. Abrahamsv. Young and Rubican, Inc., 240 Conn. 300, 307 (1997).
DISCUSSION
According to Colby's affidavit, he was driving through the intersection of Ivy Street and North main Street and was hit from behind by the Parillo vehicle. Colby asserts that the collision was the result of Parillo following too close, driving at an unreasonable rate of speed, failing to apply her brakes so as to avoid the collision and failing to keep her vehicle under proper control. Colby has also attached a copy of the police report of the accident that contains Parillo's admission that there was a spider on her person and when she tried to get the spider off she CT Page 3787 hit the gas pedal with her foot causing her vehicle to speed up hitting Colby's vehicle in the rear.
Parillo has submitted an affidavit in opposition to the motion for summary judgment. She states that she was in her vehicle stopped behind Colby's vehicle on North Ivy Street waiting for a red traffic signal light. As the light changed to green, she noticed a spider crawling on her steering wheel. She attempted to remove the spider from the steering wheel and it fell on her lap. She then attempted to remove the spider from her lap. Parillo further states:
 "I looked down for what I thought was a split second to try to remove the spider, and when I looked up the [Colby vehicle] had stopped and my vehicle rolled into the rear of the [Colby vehicle]."
Operating a motor vehicle in traffic while at the same time diverting one's attention from the road to brush a spider from one's lap is below the standard of care that a reasonable person would observe. On the present record, the plaintiffs would be entitled to a directed verdict in their favor on the issue of liability. Accordingly, summary judgment as to liability only must be granted.
For the reasons set forth above, the plaintiffs motion for summary judgment is granted as to liability only. The case shall proceed on the issue of damages.
Devlin, J.